# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2009

Charles R. Fulbruge III
Clerk

No. 07-20726

ROYAL BENSON, MD; BENSON OB/GYN CENTER, PA

Plaintiffs - Appellants

v.

ST JOSEPH REGIONAL HEALTH CENTER; ST JOSEPH HEALTH SYSTEM;
FRANCISCAN SERVICES CORPORATION; SISTERS OF ST FRANCIS OF
SYLVANIA, OHIO; BETTY G ACKER, MD; DANIEL BUCHE; DR THOMAS W
DAVIS, JR; DR DANIEL B DAWSON; DR DAVID R DOSS; DR ROBERT H
EMMICK, JR; GRETCHEN KUNZ; DR G MARK MONTGOMERY; RN
MYESHA NICHOLS-TURNER; DR WILLIAM F PRICE; ALAN C SMITH;
KATHLEEN A THOMAS

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-4323

## ON PETITION FOR REHEARING

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied. We have considered all of the
arguments in the petition but limit our discussion to Benson's assertion that we
failed to rule on one of the dispositive issues presented by the appeal.

The district court granted summary judgment with respect to Benson's state law claims after determining that the Defendants were entitled to immunity from civil liability under the Texas Medical Practice Act ("TMPA"). The district court explained that, under the TMPA, peer-review participants are presumed to have acted without malice. It then found that Benson could rebut that presumption only by presenting clear and convincing evidence of malice and that such evidence had not been presented.

On appeal, Benson's primary argument was that the district court utilized the wrong evidentiary standard. In particular, Benson maintained that a preponderance of the evidence standard – rather than a clear and convincing standard – applied. Our opinion explained in detail that Benson did not properly preserve that alleged error for appellate review.

In passing, Benson's initial brief before this Court stated that "sufficient evidence exists to overcome either evidentiary standard, but the proper standard to be applied is preponderance of the evidence." The brief also recounted the relevant evidence in Benson's favor, but without specific application to either evidentiary standard.

Benson now argues that we failed to resolve whether the evidence he presented was sufficient to overcome the presumption against malice under the clear and convincing standard. As we were not presented with that as a specific issue, we did not discuss it. Though our opinion, like Benson's brief, did not expressly apply the evidence presented to the clear and convincing standard, we did articulate this holding: "The district court's grant of qualified immunity to the Defendants under the TMPA must therefore stand." Implicit in this holding was our acceptance of the district court's conclusion that Benson had not presented clear and convincing evidence of malice.

Benson's petition is DENIED.